## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Tammi Killis | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. 13 CV 06532 |
| v. | ) |
| | ) **JURY DEMAND** |
| Cabela's, Inc. | ) |
| | ) |
| Defendant | |

## COMPLAINT

**NOW COMES** Plaintiff, Tammi Killis (hereinafter referred to as "Plaintiff"), by and through her attorney Andrew W. Levenfeld, and complains of Cabela's, Inc. (hereinafter referred to as "Defendant") and states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 e-2 et. Seq. for discrimination in employment based on sex.

2. This Court has jurisdiction to hear this claim pursuant to 42 U.S.C. Section 2000e-5. Equitable and other relief is also sought under 42 U.S.C. Section 2000e-5(g), and the Civil Rights Act of 1991.

3. Plaintiff is a female and a resident of Hampshire, Illinois.

4. Defendant has store locations within the Northern District of Illinois and is at all times relevant herein, engaged in business in the State of Illinois.

5. Since, at least, December 1, 2012 and continuing to the present, Defendant has been an "employer" and engaged in "commerce" in an "industry affecting commerce" as defined by Title VII. Defendant is also an employer of over fifteen employees.

6. The acts and events giving rise to this claim were and have been committed within the Northern District of Illinois, Eastern Division, and venue is properly laid in this District.

7. Plaintiff met and performed all filing, notice and jurisdictional requirements of Title VII and the Civil Rights Act of 1991. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"), within three hundred (300) days of the last date of discrimination alleging harassment on the basis of sex. ("Exhibit A").

8. The EEOC has issued a Notice of Right to Sue for the charge of discrimination. ("Exhibit B").

## COUNT I
## SEXUAL HARASSMENT

9. Plaintiff was employed by Defendant as a Customer Experience Manager in August, 2007.

10. Plaintiff received satisfactory evaluations of her performance throughout the period she has worked for Defendant.

11. Prior to Plaintiff's filing her charge of discrimination, she had been subjected to repeated sexual harassment from Defendant's management and co-workers (hereinafter referred to as "employees") and others, in the form of statements, lewd gestures laden with innuendos, inappropriate comments, and producing and displaying a video depicting Plaintiff performing inappropriate acts with another employee without her approval and against her wishes and other inappropriate conduct.

12. Plaintiff has been subjected to the following forms of sexual harassment;

   (a) Lewd and lascivious conduct by Defendant's employees;

   (b) Video of Plaintiff and another employee performing lewd acts which was displayed repeatedly;

   (c) Lewd and lascivious gestures were made suggesting of a sexual nature;

    (d)  Conduct continued after Plaintiff objected.

13.  Plaintiff's supervisors observed the conduct including the video being posted in the employee lounge and took no action.

14.  Plaintiff attempted to complain to management about this sexual harassment but to no avail.

15.  By reason and as a direct result of the foregoing discriminatory acts by Defendant and its employees, Plaintiff has suffered substantial injury and damages, including emotional distress, required to change positions, inconvenience, income, and reputation.

**WHEREFORE**, Plaintiff Tammi Killis, prays for the following relief:

  a. Entry of a declaratory judgment that Defendant's actions complained of herein violated Plaintiff's rights protected under Title VII.

  b. That Plaintiff be awarded judgment plus interest for loss of earnings, income, insurance and other benefits, which she may have lost by reason of discriminatory acts of Defendant.

  c. Plaintiff be awarded her compensatory damages pursuant to the Civil Rights Act of 1991 in the amount of three hundred thousand dollars and 00/100 ($300,000.00).

  d. Plaintiff be awarded her costs and reasonable attorneys' fees incurred by her by reason of these proceedings.

  e. For such further and other relief as the Court shall deem just and equitable.

## COUNT II
## RETALIATION

16 a-p. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 15 of this Complaint as Paragraphs 16 a-p of Count II of this Complaint with the same

force and effect as if set forth herein, verbatim.

17. On or about April 16, 2013, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission against the Defendant alleging sex discrimination (sexual harassment).

18. The Defendant had actual knowledge of Plaintiff having filed her Charge of Discrimination on April 16, 2013 alleging sex discrimination against Defendant.

19. Plaintiff was being harassed by the Defendant in that they persistently and consistently made her work onerous shifts that were normally shared with other employees; denied her a promotion to manager of the gun department; denied her Family Medical Leave forcing her to take accrued vacation time and placed her in compromising situations over her repeated objections.

20. In violation of Title VII, Section 704(a) of the Civil Rights Act of 1964 as amended, Plaintiff has been denied promotion and had to close every night instead of sharing those responsibilities with other managers and been denied FMLA because of her filing a Charge of Discrimination based on sex discrimination and harassment and complaining of sexual harassment to Defendant.

**WHEREFORE**, Plaintiff, Tammi Killis, prays for the following relief:

A. Entry of a declaratory judgment that Defendant's actions complained of herein violated Plaintiff's rights protected under Title VII.

B. That Plaintiff be awarded judgment plus interest for loss of earnings, income, devalued pension, insurance and other benefits, which she has and will have lost by reason of discriminatory acts of Department.

C. Plaintiff be awarded her compensatory and punitive damages pursuant to the Civil Rights Act of 1991 in the amount of three hundred thousand dollars and 00/100 ($300,000.00).

D. Plaintiff be awarded her costs and reasonable attorney's fees incurred by her by reason of these proceedings.

E. Further and such other relief the Court deems just and equitable.

Plaintiff, Tammi Killis, requests a trial by jury.

Respectfully Submitted,

Tammi Killis

By: *Andrew W. Levenfeld*
One of Her Attorneys

Andrew W. Levenfeld, Esq.
Andrew W. Levenfeld & Associates, Ltd.
19 South LaSalle – Suite 600
Chicago, IL 60603
Telephone: (312) 782-5858
Facsimile: (312) 782-5852